David A. Baird Nodaway County Prosecuting Attorney Nodaway County Courthouse Maryville, Missouri 64468
Dear Mr. Baird:
This opinion is in response to your questions asking:
 Is a 15 1/2 year old who operates a motor vehicle in violation of state law and who does not have an operator's permit to drive with a parent or guardian to be prosecuted for said violation under the general law or under the juvenile law?
 As to the foregoing, does it matter if the violation is a traffic violation (302 — 307, RSMo) or a DWI or a vehicular felony?
Along with your questions, you state:
 The facts are stated in the two questions posed which basically relate to an individual age 15 1/2 who has never applied for a permit, choosing to drive in violation of law and who thereafter receives a citation for a violation of a stop sign statute and also is cited for leaving the scene of a motor vehicle accident. The additional question relates to a situation where the person would be cited for DWI or felony leaving the scene.
Section 211.031.1, RSMo Supp. 1991, provides in pertinent part:
 211.031. Juvenile court to have exclusive jurisdiction, when — exceptions. — 1. Except as otherwise provided herein, the juvenile court shall have exclusive original jurisdiction in proceedings:
* * *
 (3) Involving any child who is alleged to have violated a state law or municipal ordinance, or any person who is alleged to have violated a state law or municipal ordinance prior to attaining the age of seventeen years, in which cases jurisdiction may be taken by the court of the circuit in which the child or person resides or may be found or in which the violation is alleged to have occurred; except that, the juvenile court shall not have jurisdiction over any child fifteen and one-half years of age who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony;
[Emphasis added.]
* * *
The age reference was changed from a child sixteen years of age to a child fifteen and one-half years of age by Senate Committee Substitute for House Committee Substitute for House Bills Nos. 202 and 364, 86th General Assembly, First Regular Session (1991). House Bills Nos. 202 and 364 also amended Section302.130, RSMo, which now provides in part:
 302.130. Issuance of temporary instruction permit, when — duration. — 1. Any person at least fifteen and one-half years of age who, except for age or lack of instruction in operating a motor vehicle, would otherwise be qualified to obtain a license pursuant to sections 302.010 to 302.340 may apply for and the director shall issue a temporary instruction permit entitling the applicant, while having such permit in his immediate possession, to drive a motor vehicle of the appropriate class upon the highways for a period of six months, but any such person, except when operating a motorcycle or motortricycle, must be accompanied by a licensed operator for the type of motor vehicle being operated who is actually occupying a seat beside the driver for the purpose of giving instruction in driving the motor vehicle, and in the case of any driver under sixteen years of age, the licensed operator occupying the seat beside the driver shall be a parent or guardian who has a valid driver's license.
 2. The director, upon proper application, in his discretion, may issue a restricted instruction permit effective for a school year or more restricted period to an applicant who is enrolled in a driver training program approved by the state department of elementary and secondary education even though the applicant has not reached the age of sixteen years but has passed the age of fifteen years. Such instruction permit shall entitle the applicant, when he has such permit in his immediate possession, to operate a motor vehicle on the highways, but only when an instructor approved by the state department of elementary and secondary education is occupying a seat beside the driver.
* * *
Section 302.020.1(1), RSMo Supp. 1991, makes it unlawful, unless otherwise provided by law, for any person to "[o]perate any vehicle upon any highway in this state unless he has a valid license." Pursuant to the penalty provision in Section 302.340, RSMo Supp. 1991, a violation of Section 302.020 is a class A misdemeanor. While the temporary instruction permit authorized in Section 302.130 acts as an exception to Section 302.020.1(1), the fifteen and one-half year old described in your question does not have such a permit. As a result, his conduct in operating the motor vehicle would constitute a class A misdemeanor. Pursuant to Section 211.031.1(3), the juvenile court would not have exclusive original jurisdiction of the fifteen and one-half year old operating a motor vehicle without a temporary instruction permit.
Your questions also concern a fifteen and one-half year old who violates other traffic provisions, the statute prohibiting driving while intoxicated, and the statute making leaving the scene of a motor vehicle accident a felony under certain circumstances. Pursuant to the language of Section211.031.1(3), the juvenile court does not have exclusive original jurisdiction over a fifteen and one-half year old "who is alleged to have violated a state or municipal traffic ordinance or regulation, the violation of which does not constitute a felony."
With regard to driving while intoxicated, this office has addressed similar questions in prior opinions. See Opinion No. 53-88; 112-86; and 181, Limbaugh, 1980; a copy of each is enclosed. The issue is whether a first offense of driving while intoxicated is a violation of "a state or municipal traffic ordinance or regulation." As discussed in the prior opinions, a first offense of driving while intoxicated is included in the phrase "traffic ordinance or regulation." Therefore, pursuant to Section 211.031.1(3), a fifteen and one-half year old charged with a first offense of driving while intoxicated is not within the exclusive original jurisdiction of the juvenile court.
Section 577.060, RSMo Supp. 1991, relates to leaving the scene of an accident. Such section provides in part:
 577.060. Leaving the scene of a motor vehicle accident. — 1. A person commits the crime of leaving the scene of a motor vehicle accident when being the operator or driver of a vehicle on the highway or on any publicly or privately owned parking lot or parking facility generally open for use by the public and knowing that an injury has been caused to a person or damage has been caused to property, due to his culpability or to accident, he leaves the place of the injury, damage or accident without stopping and giving his name, residence, including city and street number, motor vehicle number and driver's license number, if any, to the injured party or to a police officer, or if no police officer is in the vicinity, then to the nearest police station or judicial officer.
* * *
 3. Leaving the scene of a motor vehicle accident is a class A misdemeanor, except that it shall be a class D felony if the accident resulted in:
 (1) Physical injury to another party; or
 (2) Property damage in excess of one thousand dollars; or
 (3) If the defendant has previously pled guilty to or been found guilty of a violation of this section.
The factual situation you pose in your question involves a charge of leaving the scene of an accident under such circumstances that the offense charged is a felony. The exception in Section 211.031.1(3) only applies to violations when "the violation . . . does not constitute a felony." Because the question you pose involves a felony, the exception in Section 211.031.1(3) is not applicable.
CONCLUSION
It is the opinion of this office that pursuant to Section211.031, RSMo Supp. 1991, a fifteen and one-half year old who operates a motor vehicle in violation of Section 302.020, RSMo Supp. 1991, without a temporary instruction permit as authorized by Section 302.130, RSMo Supp. 1991, is not within the exclusive original jurisdiction of the juvenile court, a fifteen and one-half year old charged with a first offense of driving while intoxicated is not within the exclusive original jurisdiction of the juvenile court, and the exception to the exclusive original jurisdiction of the juvenile court for a fifteen and one-half year old who is alleged to have violated a state or municipal traffic ordinance or regulation is not applicable when the charge is leaving the scene of an accident under such circumstances as to constitute a felony.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 181, Limbaugh, 1980 Opinion No. 112-86 Opinion No. 53-88